UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEBORAH A. SHEPHERD | CIVIL ACTION |
| v. | NO. 17-2694 |
| PATRICK FANNING, ET AL. | SECTION "F" |

ORDER AND REASONS

Before the Court is Patrick Fanning's motion to dismiss pursuant to Rule 12(b)(6). For the reasons that follow, the motion is GRANTED.

**Background**

The factual summary is set forth in the light most favorable to Ms. Shepherd. This civil rights lawsuit arises from an Illinois resident's allegedly wrongful arrest based on a warrant issued after a New Orleans resident complained to the New Orleans Police Department that the Illinois resident conspired with an American living in Mexico to extort and defraud funds from his New Orleans account relative to a condominium he owns in Cozumel, Mexico.

Deborah Shepherd is a resident of Cook County, Illinois. She owns a condominium in Cozumel, Mexico. Patrick Fanning is a

1

resident of New Orleans, Louisiana, who owns a condo in the same complex in Cozumel.

On January 11, 2011, Mr. Fanning made a criminal complaint to Lieutenant Anthony J. Caprera of the New Orleans Police Department. Mr. Fanning reported that one Frank DelCorno, an American citizen residing in Mexico, and Ms. Shepherd had conspired to extort and steal money from Mr. Fanning. It is alleged that Mr. Fanning knew that his allegations against Ms. Shepherd were false. All of Ms. Shepherd's actions relative to Mr. Fanning, she alleges: occurred in Cozumel, Mexico; were consistent with Mexican law; and were taken as a result of Mr. Fanning's failure to comply with Mexican law with regard to the ownership of his condo.

Based on Mr. Fanning's complaint, Lt. Caprera submitted a police incident report to Sergeant Crespo and also prepared an arrest warrant application for Ms. Shepherd. Ms. Shepherd alleges that this was part of a conspiracy. Sergeant Crespo reviewed and approved Caprera's report, even though he allegedly knew that Louisiana had no jurisdiction over conduct that took place in Mexico. Lt. Caprera's affidavit in support of his warrant application states:

> On Monday, January 10, 2011, Detective Caprera met with Patrick Fanning, a resident of Orleans Parish . . . who provided the following information.

Fanning is the owner of a condominium located in Cozumel, Mexico. The registered address for the ownership of that property is Fanning's residence, located at 920 Emerald Street in New Orleans. The seller of the property is a company named Incontext, which is controlled by Frank DelCorno, an American citizen living in Cozumel. Although Fanning has paid in full for the condominium DelCorno has failed to provide title to the property as required in the sales agreement. Fanning now holds trust documents with a Mexican bank, as required by Mexican law, but is unable to register those documents in the public record because of the actions of DelComo and Deborah Shepherd.

Deborah Shepherd, an American citizen residing in Orland Hills, Illinois, is a close associate of DelCorno and was for many years the treasurer of the condominium owners' association. Shepherd was installed in that position by DelCorno shortly after the association was originally formed. In that capacity she reviewed Fanning's trust documents to confirm that he was the actual owner of the condominium. Those documents show the registered address of the condominium to be in New Orleans.

Shepherd knows well that Fanning owns the condo in question and that he paid all costs of ownership from his bank account in New Orleans since he has no Mexican bank account or any source of funds in Mexico. In fact, Shepherd sent numerous bills for owners fees and notices for owners meetings to Fanning's New Orleans address.

DelCorno and Shepherd entered into a scheme to extort and defraud Fanning. Shepherd filed a false claim against Incontext and DelCorno claiming that she worked as an employee of Incontext and DelCorno and that she was owed approximately $100,000.00 U.S. dollars for unpaid wages earned in Mexico while working for DelCorno and Incontext. Shepherd never earned any such wages and was not entitled to any such compensation. In fact, she was not present in Mexico for most of the time period in question. DelCorno did not dispute this obviously fraudulent claim and in fact assisted Shepherd in preparing said claim. DelCorno and Incontext then allowed Shepherd to obtain a lien against several properties, including Fanning's condominium, which are

3

> still registered in the public record as properties owned by Incontext.
>
> Shepherd demanded payment of the wages in the amount of $100,000.00 which she never earned or, if that amount is not paid, she demanded that Fanning's condo be seized and sold at auction to satisfy the bogus indebtedness. At the time that she made that demand, and continuing today, she knew full well that Fanning resides in New Orleans and would be forced to send funds from his New Orleans bank account to prevent his condo, which is valued at approximately $400,000, from being sold at auction. Any amount received at auction in excess of her claim would then be given to DelCorno as the registered owner of the property.
>
> On December 3, 2010, Fanning received a telephone call at his home in New Orleans informing him that Shepherd had a lien on his property and that his condominium was subject to seizure and auction if the $100,000 lien was not paid.
>
> Fanning traveled to Mexico where he confirmed the existence of the lien and returned to New Orleans to send money from his New Orleans account. Fanning presented to the undersigned officer a receipt showing payment so far of $20,000 which was wired from his account in New Orleans to Mexico in an effort to keep his condo from being seized.

The warrant application was presented to a magistrate in state criminal district court in New Orleans. The magistrate disagreed with Lt. Caprera's conclusion that the alleged acts constituted extortion, but the magistrate found probable cause for conspiracy to commit theft, in violation of La.R.S. 14:26 and 14:67. The warrant, as amended by the magistrate, was issued on January 12,

4

2011; Lt. Caprera then lodged the arrest warrant within the nationwide NCIC system.[1]

More than three years after the warrant was issued, on September 26, 2014, Ms. Shepherd was arrested at her home in Orland Park, Illinois; she was held in custody for three days before being released on bond. As a result of her arrest and in compliance with her bond conditions, Ms. Shepherd traveled to New Orleans to appear on the allegedly false charges. In New Orleans, Ms. Shepherd was incarcerated and held in custody for six hours before being released on bond. In March 2015, it is alleged, the Orleans Parish District Attorney "clear[ed] Shepherd of all charges...consistent with [her] innocence."

Almost 18 months after she was arrested, on March 9, 2016, Ms. Shepherd filed this civil rights action against Mr. Fanning, Lt. Caprera, Sgt. Crespo, and the City of New Orleans in the United States District Court for the Northern District of Illinois. She alleges, pursuant to 42 U.S.C. § 1983, that she was falsely arrested and falsely imprisoned in violation of the Fourth and

---

[1] Ms. Shepherd fails to even reference that the arrest warrant was issued by a magistrate judge in state court. And although she does not reference the underlying application for the arrest warrant, the Court takes judicial notice of matters of public record such as the state court arrest warrant and supporting affidavit.

Fourteenth Amendment rights to be free from an arrest not based on probable cause.  She also alleges four state law based claims for false arrest, false imprisonment, abuse of process, and civil conspiracy.

While this case was pending in the Northern District of Illinois, the defendants moved to dismiss the plaintiff's complaint; the defendants advanced a litany of grounds for dismissal including lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief may be granted.  Finding that venue would be proper in this Court, on March 21, 2017, Judge Wood granted the pending motions only insofar as they urged that venue was improper in Illinois, and the case was transferred here.  This Court issued an order dismissing without prejudice any unresolved motions, and ordered that the defendants re-file any motions to dismiss they wished to urge in compliance with this Court's Local Rules.  On May 26, 2017, the Court granted the City's motion to dismiss, which was unopposed by the

plaintiff.[2]  Mr. Fanning now moves to dismiss the plaintiff's claims.[3]

I.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Such a motion is rarely granted because it is viewed with disfavor.  See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)(citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require

---

[2] Although Lt. Caprera and Sgt. Crespo do not now seek dismissal of the claims against them, the City submitted in its motion that, if the Court grants Mr. Fanning's and the City's motions to dismiss, dismissal against Caprera and Crespo would be warranted under Rule 12(c).

[3] Meanwhile, the plaintiff requested leave to amend her complaint to add a state law malicious prosecution claim; on June 20, 2017, the magistrate judge granted the motion as unopposed.  In the amended complaint, the plaintiff supplements her factual allegations and adds a malicious prosecution claim brought under state law.  No new federal claims were added.

'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." See Thompson v. City of Waco, Texas, 764 F.3d 500, 502 (5th Cir. 2014) (citing Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5th Cir. 2012)(en banc)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Id. at 502-03 (citing Iqbal, 556 U.S. at 678).

To survive dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted)(citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original)(citation omitted).

Finally, "[w]hen reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources ordinarily examined when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011)(quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)).

II.

Title 42, U.S.C. § 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law; it provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any ... person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

Because Section 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability." Harrington v. Harris, 118 F.3d 359, 365 (5th Cir. 1997)(citation omitted). To establish § 1983 liability, the plaintiff must satisfy three elements:

(1) deprivation of a right secured by the U.S. Constitution or federal law,
(2) that occurred under color of state law, and
(3) was caused by a state actor.

Victoria W. v. Larpenter, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).

Ms. Shepherd's Section 1983 claims are based on alleged deprivations of her constitutional rights to be free from wrongful

arrest and wrongful imprisonment secured by the Fourth Amendment. Advancing three distinct grounds, Mr. Fanning moves to dismiss Shepherd's Section 1983 claims and urges the Court to decline to exercise supplemental jurisdiction over all remaining state law claims.

> A. Ms. Shepherd's Federal Civil Rights Claims Are Time-Barred.

Because venue was improper in Illinois, the Court applies the law of the transferee forum, here, Louisiana law, to determine the applicable statute of limitations period governing the plaintiff's federal civil rights claims. <u>Davis v. Louisiana State University</u>, 876 F.2d 412, 413 (5th Cir. 1989)(citing <u>Ellis v. Great Southwestern Corp.</u>, 646 F.2d 1099, 1109-1111 (5th Cir. 1981)). The purpose of this rule is anchored in common sense: a plaintiff should not be rewarded by forum shopping in an effort to gain the benefit of an improper forum's laws. <u>Martin v. Stokes</u>, 623 F.2d 469, 472-73 (6th Cir. 1980).

Section 1983 does not contain an independent statute of limitations. Instead, the statute borrows the statute of limitations period for personal injury actions in the forum state. <u>Owens v. Okure</u>, 488 U.S. 235, 250 (1989); <u>King-White v. Humble Indep. Sch. Dist.</u>, 803 F.3d 754, 759 (5th Cir. 2015). In

Louisiana, there is a one-year prescriptive period applicable to personal injury actions. La. Civ. Code art. 3492. Accordingly, Section 1983 claims pending in federal courts in Louisiana are subject to a one year statute of limitations period. Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir. 1989).

A Section 1983 claim based on allegations of false arrest or false imprisonment in federal court in Louisiana must be filed within one year of the date that claim accrues. Federal law governs accrual. Hitt v. Connell, 301 F.3d 240, 246 (5th Cir. 2002). A cause of action for false arrest or imprisonment accrues when the claimant becomes detained pursuant to legal process. Wallace v. Kato, 549 U.S. 384, 389-91 (2007)(holding that "the statute of limitations upon a Section 1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.").[4] Notably, the pendency of criminal charges against the Section 1983

---

[4] Where a plaintiff has been arrested pursuant to an arrest warrant signed by a judge, the claim for false arrest or imprisonment accrues on the date of arrest. See Villegas v. Galloway, 458 Fed.Appx. 334, 338 (5th Cir. 2012)("false imprisonment ends when the defendant is held pursuant to legal process, such as when he is arraigned or bound over by a magistrate [such as when] a magistrate judge found probable cause to detain [the Section 1983 plaintiff] pending trial.").

plaintiff does not toll the limitations period for a false arrest or imprisonment claim.  Id.

Ms. Shepherd alleges that she was falsely arrested and imprisoned on September 26, 2014 when a previously issued arrest warrant was finally executed.  She filed her complaint in Illinois 18 months later on March 9, 2016.  Because she filed her Section 1983 claims based on false arrest and false imprisonment more than one year after she was detained pursuant to legal process, as a matter of law her Section 1983 claims as against all defendants are prescribed and must be dismissed.[5]

> B.  The Court Declines to Exercise Supplemental Jurisdiction Over Remaining State Law Claims

In her complaint and amended complaint, Ms. Shepherd invokes this Court's jurisdiction solely on federal question grounds pursuant to 28 U.S.C. § 1331.  All federal claims have been dismissed.  Having dismissed all claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the plaintiff's remaining state law claims.  28 U.S.C. § 1367(c).  Shepherd's state law claims, including the newly

---

[5] The Court need not reach the remaining grounds advanced by Mr. Fanning in support of dismissal of the plaintiff's federal claims.

added malicious prosecution claim based on Louisiana law, are dismissed without prejudice.

Accordingly, for the foregoing reasons, IT IS ORDERED: that the defendant's motion to dismiss is hereby GRANTED. The Court's finding that the plaintiff's Section 1983 claims based on false arrest and false imprisonment are time-barred applies equally to the plaintiff's same claims against the remaining defendants. Accordingly, IT IS FURTHER ORDERED: that the plaintiff's Section 1983 claims based on false arrest and false imprisonment are hereby dismissed with prejudice. Finally, IT IS FURTHER ORDERED: that the Court declines to exercise supplemental jurisdiction over the remaining state law claims; those claims are hereby dismissed without prejudice.

New Orleans, Louisiana, June 21, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE